United States District Court
Southern District of Texas

**ENTERED**

January 09, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JULIE MICHELLE STASTNY,          §
TDCJ #2367041,                   §
                                 §
              Petitioner,        §
                                 §
v.                               §
                                 §   CIVIL ACTION NO. H-23-4720
BOBBY LUMPKIN, Director,         §
Texas Department of Criminal     §
Justice - Correctional           §
Institutions Division,           §
                                 §
              Respondent.        §

## MEMORANDUM OPINION AND ORDER

The petitioner, Julie Michelle Stastny (TDCJ #2367041), is presently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). She has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), challenging a conviction for child abuse causing bodily injury in Austin County Case No. 2020R-0027. She has also filed a "Petition for personal record expunged by executive order" (Docket Entry No. 2) and a "Petition to reverse the January 4, 2020 Familial or Civil Protective Order, establishing regular visitation between immediate family" (Docket Entry No. 3). After considering all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases, the court will dismiss this action without prejudice for the reasons explained below.

## I.  **Background**

Stastny discloses that on November 4, 2021, she was convicted of child abuse causing bodily injury and sentenced to five years' imprisonment in the 155th District Court of Austin County, Texas.[1] Court records reflect that the conviction was affirmed on direct appeal in an unpublished opinion.  See Stastny v. State, No. 01-21-00641-CR, 2023 WL 2248723 (Tex. App. — Houston [1st Dist.] Feb. 28, 2023, no pet.) (rejecting five issues and affirming Stastny's conviction for knowingly and intentionally causing bodily injury to her ten-year-old son).  Stastny did not seek further review by the Texas Court of Criminal Appeals; and she has not filed any other petition, application, or motion to challenge her conviction in state court.[2]

On December 15, 2023, this court received Stastny's federal habeas Petition, which seeks relief from her conviction under 28 U.S.C. § 2254 for the following reasons:

(1)  She was denied effective assistance of counsel when her attorney failed to ensure that she had a speedy trial.

(2)  Evidence of a past police report and withdrawal of consent for state services was not presented in her defense.

---

[1] Petition, Docket Entry No. 1, pp. 1-2.  For purposes of identification, all page numbers reference the pagination imprinted at the top of each docket entry by the court's electronic case filing ("ECF") system.

[2] Id. at 2, 3 (Responses to Question 9(g) and Question 10).

-2-

(3)   She had no prior criminal record and was denied a fair trial.

(4)   Unsubstantiated reports from Children's Protective Service and local police were admitted into evidence.[3]

Stastny asks this court to reduce her punishment to "time served" or grant an acquittal.[4]   She also asks the court to expunge her criminal record and to restore visitation with her son by vacating a protective order that was entered against her in state court on January 4, 2020.[5]   Because the pleadings reflect that Stastny has not raised her claims for habeas relief before the Texas Court of Criminal Appeals, this action is subject to dismissal for lack of exhaustion.

## II.   Discussion

A federal court may not grant habeas corpus relief under 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."   28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.   See Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999).   To satisfy this requirement a Texas prisoner must raise her claims

---

[3]Id. at 5, 7-8, 10.

[4]Id. at 15.

[5]See id.; see also "Petition for personal record expunged by executive order," Docket Entry No. 2; and "Petition to reverse the January 4, 2020 Familial or Civil Protective Order, establishing regular visitation between immediate family," Docket Entry No. 3.

-3-

before the Texas Court of Criminal Appeals.   See O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1733-34 (1999); Richardson v. Procunier, 762 F.2d 429, 432 (5th Cir. 1985).

A Texas criminal defendant may exhaust remedies by taking one of two paths to the Texas Court of Criminal Appeals.  The first path is a direct appeal from a judgment of conviction followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals.  See Tex. R. App. P. 68.1.  The second path is an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure filed in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  See Tex. Code Crim. Proc. art. 11.07 § 3(b)-(c). "Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."  Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004).

The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity . . . designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Anderson v. Johnson, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotation marks omitted).  Exceptions exist only where there is "an absence of available State corrective process" or "circumstances exist that

-4-

render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).

Stastny did not pursue a petition for discretionary review with the Texas Court of Criminal Appeals during her direct appeal, and the time to do so has expired.[6]  See Tex. R. App. P. 68.2(a) (noting that petitions for discretionary review are due 30 days after the intermediate appellate court's judgment).  Stastny has not yet attempted to challenge her conviction by filing an application for a state writ of habeas corpus under Article 11.07.[7] Because this remedy remains available, Stastny does not show that she fits within a recognized exception to the exhaustion doctrine. Under these circumstances, the pending federal habeas Petition must be dismissed without prejudice for lack of exhaustion.  See Rose v. Lundy, 102 S. Ct. 1198, 1203 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error.").  Stastny's requests to expunge her criminal record and to vacate a state-court protective order will be denied.[8]

_____

[6]Petition, Docket Entry No. 1, p. 2 (Response to Question 9(g)).

[7]Id. at 3 (Response to Question 10).

[8]Stastny does not show that she qualifies for expungement under Texas law, see Tex. Code Crim. Proc. Art. 55.01, or that this type of relief is available in a federal habeas proceeding governed by 28 U.S.C. § 2254.  In addition, the court lacks jurisdiction (continued...)

-5-

### III.  **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).  Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Id.  Because reasonable jurists would not debate that the petitioner has not yet exhausted available state court remedies, a certificate of appealability will not issue.

---

[8](...continued)
over matters involving domestic relations such as child custody and visitation rights, which are governed by state law.  See Congleton v. Holy Cross Child Placement Agency, Inc., 919 F.2d 1077, 1078 (5th Cir. 1990) ("As a general rule, federal courts refuse to hear 'suits for divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification.'") (citation omitted).

### IV. **Conclusion and Order**

Based on the foregoing, the court **ORDERS** as follows:

1.  The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody filed by Julie Michelle Stastny (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.

2.  Stastny's Petition for personal record expunged by executive order (Docket Entry No. 2) and Petition to reverse the January 4, 2020 Familial or Civil Protective Order, establishing regular visitation between immediate family (Docket Entry No. 3) are **DENIED.**

3.  A certificate of appealability is **DENIED.**

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 9th day of January, 2024.

_____

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-7-